IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

F I L E D
NOV - 7 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Francis Schaeffer Cox,  )
    Plaintiff,  )
  )
vs.  )   Civil No. 3:18cv774
  )
EBERLE ASSOCIATES,  )
Tammy Cali- President/CEO  )
William D. Griffins- Vice President  )
Mike Murray- President DIRECT MAIL  )
PROCESSORS INC.  )

COMPLAINT FOR NEGLIGENCE AND MISREPRESENTATION

JURISDICTION

1. Plaintiff is the sole principal of FREE SCHAEFFER COX, because he is in fact the Schaeffer Cox targeted by the fraudulent FREE SCHAEFFER COX "PROJECT," and is a resident and citizen of Fairbanks, AK.

2. Defendant EBERL ASSOCIATES, is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in McLean, VA with an address of 1420 Spring Hill Road #490 McLean, VA 22102.

3. The matter in controversy, exclusive of interests and cost, exceeds the sum of $75,000.

4. This Court has subject matter jurisdiction over the action based on 28 U.S.C. & 1332(a)(1).

5. This Court has personal jurisdiction over the Defendant in that the Defendant is authorized to do business, and is doing business in this State.

1

6. Venue is proper in this judicial district under 28 U.S.C. & 1391(b)(2), in that a substantial part of the event and omission giving rise to the claim asserted occurred in this judicial district.

## BASIS FOR RELIEF

7. On February 23, 2015, Defendant EBERLE ASSOCIATES had its Agent, DIRECT MAIL PROCESSORS issue a check in the amount of $38,000 to FREE SCHAEFFER COX. This check was sent, along with a letter, to Maria Rensel, who claimed to be the "Project Manager" of the FREE SCHAEFFER COX "PROJECT," with an address of 1676 Taroka Drive, Fairbanks, AK 99709. This $38,000 was the proceeds of a test mailing created by EBERLE ASSOCIATES, allegedly on behalf of FREE SCHAEFFER COX. However, Maria Rensel, and EBERLE ASSOCIATES did not have lawful authorization to raise funds in the name of Schaeffer Cox, or FREE SCHAEFFER COX.

8. On March 18, 2015, Defendant EBERLE ASSOCIATES, through its President/CEO Tammy Cali, and Vice President William D. Griffins, agreed and signed a contract with Maria Rensel, who signed as "Project Manager", and Richard Neff, who signed as an Officer of the organization as "Vice Chairman." The parties appearing on this contract were EBERLE ASSOCIATES and FREE SCHAEFFER COX, which was said to be a "PROJECT OF ALASKANS FOR LIBERTY."

9. This contract stated that the Defendant EBERLE ASSOCIATES would provide services by advising the Client on issues related to the Client's direct mail fundraising program, as well as the services of conducting the actual direct mail mailings, which sought donations to FREE SCHAEFFER COX.

10. On March 18, 2015, Defendant EBERLE ASSOCIATES had their Agent, Mike Murray, who is alleged by the Defendants to be the President of DIRECT MAIL PROCESSORS, agree and sign a contract with Maria Rensel, who claimed to

2

6. Venue is proper in this judicial district under 28 U.S.C. & 1391(b)(2), in that a substantial part of the event and omission giving rise to the claim asserted occurred in this judicial district.

## BASIS FOR RELIEF

7. On February 23, 2015, Defendant EBERLE ASSOCIATES had its Agent, DIRECT MAIL PROCESSORS issue a check in the amount of $38,000 to FREE SCHAEFFER COX. This check was sent, along with a letter, to Maria Rensel, who claimed to be the "Project Manager" of the FREE SCHAEFFER COX "PROJECT," with an address of 1676 Taroka Drive, Fairbanks, AK 99709. This $38,000 was the proceeds of a test mailing created by EBERLE ASSOCIATES, allegedly on behalf of FREE SCHAEFFER COX. However, Maria Rensel, and EBERLE ASSOCIATES did not have lawful authorization to raise funds in the name of Schaeffer Cox, or FREE SCHAEFFER COX.

8. On March 18, 2015, Defendant EBERLE ASSOCIATES, through its President/CEO Tammy Cali, and Vice President William D. Griffins, agreed and signed a contract with Maria Rensel, who signed as "Project Manager", and Richard Neff, who signed as an Officer of the organization as "Vice Chairman." The parties appearing on this contract were EBERLE ASSOCIATES and FREE SCHAEFFER COX, which was said to be a "PROJECT OF ALASKANS FOR LIBERTY."

9. This contract stated that the Defendant EBERLE ASSOCIATES would provide services by advising the Client on issues related to the Client's direct mail fundraising program, as well as the services of conducting the actual direct mail mailings, which sought donations to FREE SCHAEFFER COX.

10. On March 18, 2015, Defendant EBERLE ASSOCIATES had their Agent, Mike Murray, who is alleged by the Defendants to be the President of DIRECT MAIL PROCESSORS, agree and sign a contract with Maria Rensel, who claimed to

be the "Project Manager" of FREE SCHAEFFER COX. This agreement was also signed by Bill Rensel, who did not identify himself as an Officer of this so-called "project," or of ALSKANS FOR LIBERTY.

11. Defendant EBERLE ASSOCIATES, issued FREE SCHAEFFER COX post-test projections stating that the first year would gross revenue of $1,050,880, the second year would gross revenue of $1,538,385, and the third year would gross revenue of $1,705,353. The agreement signed was for 36 months, and approximately 24 months of the agreement was completed before EBERLE ASSOCIATES ceased all mailings in November 2016. Defendant EBERLE ASSOCIATES, did advise that the FREE SCHAEFFER COX donations far surpassed their projections of gross revenue for the first approximately 24 months.

12. During the time of the direct mail program, Defendants EBERLE ASSOCIATES, Tammy Cali, and William D. Griffins, did in fact commit acts that are considered fraud under the law -despite the fact that there was an absence of intent to deceive- because of violations of a public or private trust or confidence. There was clear misrepresentation and a breach of fiduciary duty, and the use of undue influence committed by EBERLE ASSOCIATES, when Tammy Cali, and William D. Griffins assured Plaintiff that all monies would remain in the Direct Mail Account, after Plaintiff notified the Defendants that those who claim to be Officers of ALSKANS FOR LIBERTY and FREE SCHAEFFER COX "PROJECT" were in fact frauds, and not only was Plaintiff not receiving the funds raised for his legal defense fund, but he also never authorized any of the so-called Officers of the Board of ALASKANS FOR LIBERTY, or FREE SCHAEFFER COX "PROJECT", to raise funds on his behalf, cash checks payable to FREE SCHAEFFER COX, or to do any business in his name.

In these matters, the Defendants were negligent in the following ways:
   A. Failure to verify if ALASKANS FOR LIBERTY was in fact a legally

3

incorporated or unincorporated 501(c)(4) association in good standing.

B.  Failure to verify if ALASKANS FOR LIBERTY was lawfully or legally permitted to conduct business on behalf of themselves or their so-called FREE SCHAEFFER COX "PROJECT."

C.  Failure to verify if Maria Rensel, Bill Rensel, Richard Neff, or Terry Dodd were in fact actual Officers of ALASKANS FOR LIBERTY.

D.  Failure to verify the fact that ALASKANS FOR LIBERTY was declared a tax delinquent Wyoming Corporation in 2013 and had its corporate status revoked.

E.  Failure to verify if Maria Rensel, Bill Rensel, Richard Neff, and Terry Dodd were real persons, using their real names.

F.  Failure to verify if ALASKANS FOR LIBERTY had legal or lawful authorization to use the name Schaeffer Cox or FREE SCHAEFFER COX.

G.  Failure to adhere to warnings by Schaeffer Cox that ALSKANS FOR LIBERTY'S so-called Officers were in fact committing fraud and not to send money to them.

H.  Failure to seek legal or lawful authorization from Schaeffer Cox to conduct a direct mail program on behalf of Schaeffer Cox, or FREE SCHAEFFER COX.

I.  Failure to provide an accounting to Schaeffer Cox of the funds raised for his legal defense fund, which were never received by Schaeffer Cox, or used for their intended purpose.

J.  Failure to verify if the so-called FREE SCHAEFFER COX "PROJECT" was in fact an authorized project of ALASKANS FOR LIBERTY.

13.  As a result of the negligence of the Defendants, Plaintiff did not receive any of the donated funds raised for the sole purpose of his legal defense, which was well over $3 million dollars.

14.  In addition, as a result of the negligence of the Defendants, the

4

Plaintiff has been deprived of the society and comfort of his supporters and has suffered mental anguish as a result of the Defendants negligence, as well as losing future support from many of his supporters who were disappointed to learn that their donations had been improperly diverted away from Plaintiff.

Adequate compensation must be determined by the trier of fact in this matter but is, in no event, less than the sum of $3 million dollars.

## JURY DEMAND

15. Plaintiff requests trial by jury.

## Plaintiff requests:

A. Judgment against the Defendants for the sum of $38,000 for the funds raised on his behalf by the test mailing conducted by the Defendants.

B. Judgment against the Defendants for the loss of the entire $3 million dollars raised by the Defendants as a result of the direct mail program that was conducted by the Defendants on behalf of Plaintiff.

C. Judgment against the Defendants for the loss of the comfort and society of his supporters in an amount not less than $1 million dollars.

D. Judgment against the Defendants to provide Plaintiff with the entire list of all donations made, as well as who they were made by.

E. An award of Plaintiff's costs of suit; and all other relief to which the Plaintiff may be entitled.

Dated: 10-12-2018

_____
Francis Schaeffer Cox
Reg. No. #16179-006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this complaint was mailed to the Clerk of the United States District Court for the Eastern District of Virginia on this  12th day of  October , 2018, via the United States Postal Service, postage pre-paid.

signed _____
Francis Schaeffer Cox
Reg. No. #16179-006
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808