IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FRANCIS SCHAEFFER COX,**

    Plaintiff,

v.                                                                                                        Civil Action No. **3:18CV774**

**EBERLE ASSOCIATES,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Francis Schaeffer Cox, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this Complaint against Eberle Associates, Tammy Cali, William D. Griffins, and Mike Murray ("Defendants"). The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations

are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243

(4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Cox alleges:[1]

7. On February 23, 2015, Defendant Eberle Associates had its Agent, Direct Mail Processors issue a check in the amount of $38,000 to Free Schaeffer Cox. This check was sent, along with a letter, to Maria Rensel, who claimed to be the "Project Manager" of the Free Schaeffer Cox "Project," with an address of 1676 Taroka Drive, Fairbanks, AK 99709. This $38,000 was the proceeds of a test mailing created by Eberle Associates, allegedly on behalf of Free Schaeffer Cox. However, Maria Rensel, and Eberle and Associates did not have lawful authorization to raise funds in the name of Schaeffer Cox or Free Schaeffer Cox.

8. On March 18, 2015, Defendant Eberle Associates, through its President/CEO Tammy Cali, and Vice President William D. Griffins, agreed and signed a contract with Maria Rensel, who signed as "Project Manager," and Richard Neff who signed as an Officer of the organization as "Vice Chairman." The parties appearing on this contract were Eberle Associates and Free Schaeffer Cox, which was said to be a "Project of Alaskans for Liberty."

9. The contract stated that the Defendant Eberle Associates would provide services by advising the Client on issues related to the Client's direct mail fundraising program, as well as services of conducting the actual direct mail mailings, which sought donations to Free Schaeffer Cox.

10. On March 18, 2015, Defendant Eberle Associates had their Agent, Mile Murray, who is alleged by the Defendants to be the President of Direct Mail Processors, agree and sign a contract with Maria Rensel, who claimed to be the Project Manager of Free Schaeffer Cox. This agreement was also signed by Bill Rensel, who did not identify himself as an Officer of this so-called project, or of Alaskans for Liberty.

11. Defendant Eberle Associates issued Free Schaeffer Cox post-test projections stating that the first year would gross revenue of $1,050,880; the second year would gross revenue of $1,538,385, and the third year would gross revenue $1,705,353. The agreement was signed for 36 months, and approximately 24 months of the agreement was completed before Eberle Associates ceased all mailings in November 2016. Defendant Eberle Associates did advise that Free Schaeffer Cox donations far surpassed their projections of gross revenue for the first approximately 24 months.

12. During the time of the direct mail program, Defendants Eberle Associates, Tammy Cali, and William D. Griffins did, in fact, commit acts that are considered fraud under the law -despite the fact that there was an absence of intent to deceive- because of violations of a public or private trust or confidence. There

---

[1] The Court corrects the capitalization, spelling, and punctuation in quotations from Cox's Complaint.

3

was a clear misrepresentation and a breach of fiduciary duty, and the use of undue influence committed by Eberle Associates, when Tammy Cali, and William D. Griffins assured Plaintiff that all monies would remain in the Direct Mail Account, after Plaintiff notified Defendants that those who claim to be Officers of Alaskans for Liberty and Free Schaeffer Cox Project were in fact frauds, and not only was Plaintiff not receiving the funds raised for his legal defense fund, but he also never authorized any of the so-called Officers of the Board of Alaskans for Liberty, or free Schaeffer Cox project to raise funds on his behalf, cash checks payable to Free Schaeffer Cox, or to do any business in his name.

(Compl. 1–3.) Cox seeks more than three million dollars in damages. (*Id.* at 5.)

Cox contends that Defendants were "negligent" because they failed to ascertain whether Alaskans for Liberty or the Free Fletcher Cox Project were lawful companies and whether Maria Rensel, Bill Rensel, or Richard Neff (collectively "Free Fletcher Cox Project") were real persons, and whether they were allowed to collect money on behalf of Fletcher Schaeffer Cox. (*Id.* at 3–4.) The Court properly has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between— (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Here, according to Cox, the parties are domiciles of two different states (Compl. 1), and Cox seeks monetary damages in excess of three million dollars. (*Id.* at 5). Thus, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As discussed below, Cox's negligence claim will be dismissed as both frivolous and for failure to state a claim upon which relief may be granted.

### III. STATUTE OF LIMITATIONS

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims that the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Here, Cox brings a state law claim of negligence. The courts utilize the statute of limitations from the relevant state. *See Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-

year statute of limitations to negligence claims based on fraud. *See* Va. Code Ann. § 8.01–243(A) (West 2019).[2] Thus, Cox should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Cox first claims that on February 23, 2015, Defendants sent Maria Rensel, on behalf of an entity called Free Fletcher Cox, a $38,000 check from a test direct mail fundraising campaign. (Compl. 2.) Cox also contends that on March 18, 2015, these parties, along with Richard Neff, signed a contract to engage in a direct mail fundraising campaign. (*Id.*) Cox contends that Eberle Associates ceased all mailings in November, 2016. (*Id.* at 3.) Cox's Complaint was filed on October 12, 2018.[3] Thus, in order for Cox's claims to be timely, it must have accrued after October 12, 2016. Any claim pertaining to Defendants' alleged negligence with regard to entering into the contract with the Free Fletcher Cox Project is clearly untimely as that agreement was made in 2015. Moreover, Cox indicates that Defendants stopped the direct mail fundraising campaign in November 2016. Only claims that accrued after October 12, 2016 would be timely and would remain here.

---

[2] The causes of action under which Cox brings his claims are not entirely clear. The Court recognizes that the statute of limitations for breach of contract is three years or five years depending on whether the contract is in writing. Va. Code Ann. § 8.01–246. As discussed below, Part V.n.4, Cox fails to establish that he was a party to any contract with Defendants and the statute of limitations for contracts would not apply. Moreover, to the extent that Cox's claims would fall under the Virginia statute of limitations for "[p]ersonal actions for which no other limitation is specified," that period is also two years. Va. Code Ann. § 8.01–248.

[3] This is the date that Cox states he mailed his Complaint; and thus, is the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## IV. NEGLIGENCE

Cox asserts a cause of action for negligence against Defendants. "The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and, (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danke Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citation omitted). With respect to a breach of a legal duty, "[n]egligence, in law, involves the conception of a duty to act in a certain way toward others, and a violation of that duty by acting otherwise." *RGR, LLC v. Settle*, 764 S.E.2d 8, 16 (Va. 2014) (quoting *Cleveland v. Danville Traction & Power Co.*, 18 S.E.2d 915 (Va. 1942)). Therefore, "[a]n action for negligence only lies where there has been failure to perform some legal duty which the defendant owes to the party injured." *Balderson v. Robertson*, 125 S.E.2d 180, 183 (Va. 1962) (citations omitted) (internal quotation marks omitted). Here, Cox's Complaint is devoid of facts suggesting that Defendants owed a legal duty to him, and that Defendants breached that duty. Cox does not allege that he was a party to any alleged contract signed and thus, he fails to allege that Defendants had any contractual duty to turn over any proceeds from the direct mail campaign to him.[4] For this reason alone, any remaining negligence claim fails.

---

[4] Although Cox pursues his action solely on a theory of negligence, the Court notes that he also fails to allege facts that plausibly suggest a breach of contract claim. "Under Virginia law, '[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005) (alteration in original) (quoting *Filak v. George*, 594 S.E.2d 610 (Va. 2004)). To survive dismissal, a complaint alleging breach of contract must contain facts supporting each element set forth above. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). Here, Cox fails to allege facts that plausibly suggest the existence of a legally enforceable obligation between Defendants and Cox, and any theory based on breach of contract fails. *See Salehi v. Wells Fargo Bank, N.A.*, No. 1:11–CV–1323, 2012 WL 2119333, at *4 (E.D. Va. June 11, 2012) (granting a motion to dismiss a breach of contract claim because the plaintiff's amended complaint "never allege[d] that there [was] a direct contractual relationship between" the plaintiff and defendant).

With respect to proximate cause, "[i]n Virginia, an injury is proximately caused by a defendant's negligence if the injury is the natural and probable consequence of the negligence." *Russo v. United States*, 37 F. Supp. 2d 450, 452 (E.D. Va. 1999) (citing *Wyatt v. Chesapeake & Potomac Tel. Co.*, 163 S.E.2d 370 (Va. 1932)). "[T]he concept of proximate cause 'excludes from the scope of liability injuries that are too remote, purely contingent, or indirect[].'" *Manchanda v. Hays Worldwide, LLC*, 142 F. Supp. 3d 465, 470 (E.D. Va. 2015) (alterations in original) (quoting *Wagoner v. Commonwealth*, 756 S.E.2d 165, 175 (Va. Ct. App. 2014)). Here, Cox has also failed to allege facts suggesting that Defendants' actions were the proximate cause of his injuries. Rather, according to Plaintiff, the proximate cause of his injuries was that the Free Schaeffer Cox Project collected money using Plaintiff's name and failed to give Plaintiff the entire sum of money collected.

Cox's allegation of negligence against Defendants simply amounts to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

---

Moreover, although Cox alleges that an "agreement" was signed (Compl. 3), he also fails to plausibly suggest that Defendants are liable to him under a theory that he was a third-party beneficiary of a contract between Defendants and the Free Fletcher Cox Project. *See Caudill v. Cty. of Dinwiddie*, 529 S.E.2d 313, 317 (Va. 2000) (citations omitted) ("We have enforced a third-party beneficiary's claim when the third party establishes that the parties to an underlying contract clearly and definitely intended to confer a benefit upon the alleged beneficiary.") Cox faults Defendants based on the premise that they collected money on behalf of the Free Fletcher Cox Project, and instead of sending the money collected to the Free Fletcher Cox Project, they should have sent the money directly to him. Cox, however, has produced no contract that contains this term, and the Court doubts that this term exists. The Statute of Frauds and section 8.2–201(1) of the Virginia Code require that for a contract involving an amount greater than $500.00 to be enforceable, "the Plaintiff must produce a writing 'signed by the party against whom enforcement is sought.'" *PC-Expanders Inc. v. Subsystem Techs. Inc.*, No. 110558, 28 Va. Cir. 231, 1992 WL 884721, at *2 (Va. Cir. Ct. June 8, 1992). Even assuming that Cox could allege facts indicating that he was a third-party beneficiary of the contract, his failure to produce the contract renders it unenforceable in the instant action.

662, 678 (2009). Cox's negligence claim will be DISMISSED as frivolous and for failure to state a claim.[5]

## VII. CONCLUSION

For the foregoing reasons, Cox's claims will be DISMISSED as frivolous and for failure to state a claim. The action is DISMISSED. The Clerk is DIRECTED to note the disposition for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 29 October 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[5] Buried in his Complaint, Cox also states that Defendants "did in fact commit acts that are considered fraud . . . because of violations of the public or private trust or confidence. There was a clear misrepresentation and breach of fiduciary duty, and the use of undue influence committed by [Defendants] when [they] assured Plaintiff that all monies would remain in the Direct Mail Account, after Plaintiff notified the Defendants that . . . Free Schaeffer Cox Project were in fact frauds . . . ." (Compl. 3.) The Court again fails to discern that Defendants owed Cox any legal duty.

8